**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUKE HAROLD<br><br>ADDRESS FILED UNDER SEAL<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF THE NAVY<br><br>1000 DEFENSE PENTAGON<br>WASHINGTON, DC 20350-1000<br><br>*Defendant.* | CIVIL ACTION NO. 26-cv-03289<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Luke Harold ("Plaintiff" or "Mr. Harold") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to compel the Department of the Navy ("Defendant" or "U.S. Navy" or "USN") to disclose documents requested pursuant to FOIA. Specifically, Plaintiff is seeking Naval Criminal Investigative Service ("NCIS") files related to two San Diego-based sailors who were convicted of alien smuggling.

2. These documents will shed light on whether the Navy is fulfilling its obligations to combat human smuggling and other crimes by its own sailors. They will also provide more information about the Department of the Navy's investigation into narcotics usage among San Diego Navy sailors, which arose directly from evidence uncovered in the alien smuggling investigation.

3. Defendant has wrongly withheld information under Exemptions 6 and 7(C).

4. Plaintiff has exhausted administrative remedies and now seeks relief from this court.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

7. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

8. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

9. Plaintiff, Luke Harold has been a journalist in Southern California since 2013, with work appearing in the Orange County Register, Los Angeles Times, Los Angeles Public Press and numerous weekly print papers that cover communities throughout the region. He currently works for the San Diego Union-Tribune, with a focus on reporting and writing community news for some of San Diego County's coastal cities, and for the University of Southern California's Annenberg School for Communication and Journalism as an adjunct instructor. His independent and freelance work focuses on the federal government, including the U.S. military in San Diego. His work has won awards from organizations such as the Los Angeles Press Club, San Diego Press Club, San Diego Society of Professional Journalists and California News Publishers Association.

10. Defendant U.S. Navy is a military department and an agency of the United States under 5 U.S.C. § 552(f)(1). Defendant is headquartered in Arlington, VA.

11. Per 5 U.S.C. § 552, Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Defendant's refusal to provide Plaintiff with the records requested is a violation of FOIA.

## STATEMENT OF FACTS

12. In two separate incidents in 2022, U.S. Navy sailors on the USS Abraham Lincoln were accused of human smuggling close to the U.S./Mexico border.[1]

13. An investigative file released to Plaintiff via FOIA states that on July 31, 2024, the U.S. Navy provided NCIS with Statement of Trial Results for both sailors, who were found guilty of Soliciting the Commission of an Offense, Conspiracy, and Alien Smuggling.[2]

14. The names of sailors who are found guilty at trial are routinely published by the U.S. Navy on its website.[3]

15. On its website, the Navy states that it "reports the results of every Special and General Court-Martial convened within the United States Navy."[4]

16. In the Navy's May and June 2024 reports, two San Diego sailors, Nicholas Paschkov[5] and Ahsan Khan[6] were identified as having been found guilty of human smuggling.

---

[1] U.S. Dep't of the Navy, Alien Smuggling Investigation, 08SEP22-SWND-00558-6MNA (Sept. 8, 2022) (investigative file released to Luke Harold pursuant to the Freedom of Information Act)
[2] Id.
[3] U.S. Navy Judge Advocate Gen.'s Corps, Navy Trial Results, https://www.jag.navy.mil/military-justice/trial-results/ (last visited Aug. 27, 2026) (names available by opening any monthly file marked "Download").
[4] Id.
[5] U.S. Dep't of the Navy, Monthly Court-Martial Report: May 2024 (2024), https://stjececmsdusgva001.blob.core.usgovcloudapi.net/public/documents/202405_SECNAV_Monthly_Court-Martial_Report.pdf.
[6] U.S. Dep't of the Navy, Monthly Court-Martial Report: June 2024 (2024), https://stjececmsdusgva001.blob.core.usgovcloudapi.net/public/documents/202406_SECNAV_Monthly_Court-Martial_Report.pdf

17. The dates and details of these cases correspond with the dates and details included in the partially redacted investigative file that Mr. Harold was able to obtain.

18. Even though the Navy routinely publishes the names of sailors who are found guilty of crimes, and even though that the investigative file notes that the sailors identified there were found guilty, the Navy continues to withhold their names.

**Luke Harold's FOIA Request**

19. Mr. Harold has been researching and reporting on this and related stories for several years. He regularly publishes investigative journalism reports on his Substack and in other media outlets.

20. On May 6, 2026, via portal, Plaintiff filed a FOIA request ("Plaintiff's Request"). Plaintiff requested, "all records maintained by the Naval Criminal Investigative Service pertaining to the following investigation:

   a. Case Control Number: 08SEP22-SWND-00558-6MNA
   b. Description: Report of USN Sailors Involved in Alien Smuggling, Coronado, CA
   c. Investigating Office: NCIS Resident Agency San Diego
   d. Specifically, I request all documents and other records related to the investigation that cover:
      i. All Reports of Investigation (open, interim, and closed);
      ii. All Investigative Action reports;
      iii. All interview summaries and associated enclosures;
      iv. All search and seizure authorizations;
      v. All database query results;
      vi. All military personnel file reviews;
      vii. Any disposition reports, including results of Captain's Mast proceedings, courts-martial, or administrative separation actions stemming from this investigation;
      viii. Any referrals to civilian law enforcement or federal prosecutors;
      ix. Any cross-references to related investigations.

21. In Plaintiff's Request, Plaintiff requested Expedited Processing, News Media Fee Status, and a Public Interest Fee Waiver.

22. Navy acknowledged the request and assigned tracking number 2026-NavyFOIA-007629.

23. Via the SecureRelease Portal, Defendant granted Plaintiff's request for news media fee status and expedited processing and determined that no fees would be assessed.

24. On May 20, 2026, the Navy granted Plaintiff's request in part but withheld information under exemptions 6 and 7(C).

25. On June 2, 2026, Plaintiff appealed the Navy's withholdings under both exemptions.

26. Plaintiff's appeal was limited to Defendant's withholding of the names of two sailors who had already been found guilty of human smuggling and whose names had been released publicly by the Navy on its "Navy Trial Results" website. Plaintiff argued that by publicly releasing the names, the agency had waived its right to withhold the information.

27. On June 11, 2026, via email, Defendant replied, denying Plaintiff's appeal.

28. On June 12, 2026, via email to Greggary Lines of the Judge Advocate General's Corps, Plaintiff followed up with Defendant via email to object to the handling of his appeal.

## **COUNT ONE:**

***Unlawful Withholding of Agency Records***

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. Defendant Navy has unlawfully and improperly withheld records responsive to Plaintiff's FOIA Request.

31. Defendant has wrongly and improperly claimed that withheld information in these documents is exempt under 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7)(C).

32. Plaintiff has exhausted all applicable administrative remedies.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on September 21, 2026.

/s/ *Ginger P. McCall*________
Ginger McCall
DC Bar # 1001104
ginger@freeinformationgroup.com

Kevin H. Bell
DC Bar # 90015600
kevin@freeinformationgroup.com

FREE INFORMATION GROUP, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642

*Attorneys for Plaintiff*